

# NUMBER 13-26-00230-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF J.B.B., A CHILD

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
## OF CALHOUN COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Justice Silva**

Appellant A.B.J.[1] (Mother) appeals a judgment terminating her parental rights to her child, J.B.B. Mother argues that the judgment is void because the trial court lost jurisdiction before rendering its judgment. We affirm.

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, parents and child are referred to by their initials. *See* TEX. FAM. CODE § 109.002(d).

# I. BACKGROUND

The Texas Department of Family and Protective Services (Department) received an intake report on November 20, 2024, indicating that J.B.B. was born with fetal drug exposure. According to the Department, there were allegations that J.B.B. tested positive for amphetamines and methamphetamines in his meconium. Mother was referred to the Department's family-based safety services and was to be supervised at all times with J.B.B. On January 27, 2025, the Department received a report that Mother was not complying with the safety plan.

On January 30, 2025, the Department received a second intake report alleging that Mother assaulted her paramour and fled the home with J.B.B. while carrying a knife in her waistband. The report further indicated that Mother appeared intoxicated and was arrested for the offense. The Department contacted Mother while she was in county jail. Mother admitted there was an altercation but denied being the aggressor. The Department was made aware that there was a protective order against Mother by her paramour. Subsequently, the Department contacted J.J., the presumed father, who denied being J.B.B.'s father and stated he was not able to provide care or placement for J.B.B.[2] The Department ultimately removed J.B.B. on January 31, 2025, pursuant to the trial court's emergency order appointing it as the child's temporary managing conservator.

On April 9, 2025, the trial court conducted an adversary hearing and entered an order retaining the Department as temporary managing conservator of J.B.B. Among other things, the trial court found that "[Mother] presents a continuing danger to the physical health or safety of [J.B.B.] caused by an act or failure to act . . . despite

---

[2] It was later determined through genetic testing that J.J. was not J.B.B.'s biological father.

2

reasonable efforts to enable [Mother's] possession of [J.B.B.]." Furthermore, "[Mother] was involved with family-based safety services" but "broke the safety plan after one month." The trial court noted that "[Mother] has not addressed her alcohol abuse or her anger and domestic violence issues." The trial court ordered that Mother "shall have limited access to and possession of J.B.B." as set forth in the Department's temporary supervised visitation schedule. Furthermore, the trial court adopted the Department's family plan of service as an order of the court. *See* TEX. FAM. CODE §§ 263.102, 263.202(b-1). Relevant here, Mother's family plan of service required her to: obtain and maintain safe and stable housing; complete parenting classes; participate in substance abuse counseling and follow the recommendations of the provider; submit to random drug testing upon request; complete a psychological evaluation and follow all recommendations; and obtain and maintain employment. The plan of service notified Mother that failure to participate in a requested drug test would constitute a positive drug test result.

On January 21, 2026, the case proceeded to a bench trial, and the following evidence was adduced. Caterina Robinson with SJRC Texas Belong[3] testified that she was familiar with the case involving J.B.B. She stated that J.B.B. was placed in the Department's care because he was "in physical and immediate danger by [Mother]," who was arrested for assault. Robinson further testified that J.B.B. was currently placed in a

---

[3] *See In. re J.M.B.*, No. 04-24-00522-CV, 2025 WL 782699, at *2 n.2 (Tex. App.—San Antonio, no pet.) (mem. op.) (noting that SJRC Texas Belong is a "community-based care provider" and "contractor on behalf of the Department"); *In re K.L.G.*, No. 13-25-00643-CV, 2026 WL 1179573, at *1 n.5 (Tex. App.—Corpus Christi–Edinburg Apr. 30, 2026, no pet.) (mem. op.).

3

foster home, and that the foster family was willing to adopt J.B.B. if the parental rights were terminated. Thereafter, the following colloquy occurred:

| | |
|---|---|
| [Department's counsel]: | Okay. I have no further questions, Your honor. At this time I would ask for a recess and resume when [Mother] is available. |
| [J.B.B.'s counsel]: | I have some questions, Your Honor. |
| THE COURT: | Go ahead. |
| [J.B.B.'s counsel]: | Ms. Robinson, you were scheduled for, essentially, what would be a termination hearing seeking to terminate the parental rights of [M]other and the alleged unknown father; is that correct? |
| [Robinson]: | Correct. |
| [J.B.B.'s counsel]: | Okay. But, however, we're unable to do that today. Do you understand why that is? |
| [Robinson]: | Yes, I do. [Mother] is not able to be here. |
| [J.B.B.'s counsel]: | Why is [Mother] not able to be here? |
| [Robinson]: | I was told that she is on suicide watch and she can[]not leave her cell. |
| [J.B.B.'s counsel]: | Where is she at, at this point? Where is she staying? |
| [Robinson]: | I don't know the name of the facility, but she's in an, I think it's called Intermediate Safe House or something like that. |
| . . . . | |
| [J.B.B.'s counsel]: | Is it called an Intermediate Sanction Facility [(ISF)]? |
| [Robinson]: | There you go. [ISF]. |
| . . . . | |

4

| [J.B.B.'s counsel]: | So she was unable to be brought and there wasn't enough time to move her down here or bench warrant her down here to participate directly in this hearing; is that correct? |
| [Robinson]: | Correct. |
| [J.B.B.'s counsel]: | And is it your understanding that her attorney made every effort to set up a zoom participation in this hearing; is that correct? |
| [Robinson]: | Correct. |
| [J.B.B.'s counsel]: | But because [Mother] is on suicide watch at the ISF facility she can't participate by zoom either? |
| [Robinson]: | Correct. |
| [J.B.B.'s counsel]: | So she's not able to be present for this hearing, which is her right; is that correct? |
| [Robinson]: | That's correct. |
| [J.B.B.'s counsel]: | And that's why we need to start this hearing and recess this so that we can obtain [Mother]'s participation; is that correct? |
| [Robinson]: | Correct. |

After Robinson finished testifying, J.B.B.'s attorney requested the trial court to grant a recess of the trial. Mother's counsel did not object to the requested recess, and the trial court recessed the proceedings to March 11, 2026. On March 11, the trial court resumed the bench trial, and the Department presented additional witness testimony. On the same day, the trial court signed its order terminating Mother's parental rights, finding by clear and convincing evidence that statutory grounds existed for termination and that termination was in J.B.B.'s best interest. *See id.* §§ 161.001(b)(1)(D), (E), (N), 161.001(b)(2). The order also appointed the Department as J.B.B.'s permanent managing

conservator. On March 19, 2026, the trial court entered an amended order of termination.[4] This appeal followed.

## II.     STATUTORY DISMISSAL DEADLINE

In her sole issue, Mother contends that the termination judgment is void because the trial court lost jurisdiction before rendering judgment under the Texas Family Code's one-year deadline for parental termination suits. *See id.* § 263.401(a).

### A.     Standard of Review and Applicable Law

"Before a court may enter judgment against a party, the court must have obtained jurisdiction over that party pursuant to applicable rules or statutes." *Whatley v. Walker*, 302 S.W.3d 314, 321 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). A judgment is void when the court rendering judgment has no jurisdiction over the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020). We review whether a trial court has jurisdiction de novo. *Joyner v. Joyner*, 352 S.W.3d 746, 749 (Tex. App.—San Antonio 2011, no pet.).

Section 263.401(a) of the Texas Family Code provides that if a trial court fails to commence the trial on the merits or grant an extension within one year after the trial court appointed the Department as temporary managing conservator, the trial court's jurisdiction terminates, and the case is automatically dismissed. *See* TEX. FAM. CODE § 263.401(a) (providing that the trial court's jurisdiction ends on the first Monday after the first anniversary of the date the trial court rendered a temporary order appointing the

---

[4] The trial court's judgment also involuntarily terminated the parental rights of unknown father of J.B.B., who is not a party to this appeal.

department as temporary managing conservator); *In re G.X.H.*, 627 S.W.3d 288, 292 (Tex. 2021). However, Section 263.401(b) provides that the trial court may extend its jurisdiction by an additional 180 days if extraordinary circumstances necessitate the child remaining in the Department's conservatorship and continuing the Department's appointment is in the child's best interest. *See* TEX. FAM. CODE § 263.401(b). This extension may be made "orally on the record or in some other writing." *In re G.X.H.*, 627 S.W.3d at 299.

Notwithstanding the provisions of Section 263.401, the trial court may retain jurisdiction over a case if it: (1) finds that retention is in the best interest of the child; (2) orders a Department-monitored return of the child to a parent; and (3) continues the Department as temporary managing conservator of the child. *See* TEX. FAM. CODE § 263.403(a); *see also In re A.H.J.*, No. 05-15-00501-CV, 2015 WL 5866256, at *2 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.). If the trial court renders an order pursuant to Section 263.403, it shall "schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit unless a trial on the merits has commenced." TEX. FAM. CODE § 263.403(b).

## B.    Analysis

Mother argues that the trial court "did not proceed with trial on this case until after the February 2, 2026 deadline" and did not enter an order granting any "extension" for this cause. *See id.* §§ 263.401(a), 263.403(a)–(b). Therefore, according to Mother, the judgment is void and should be vacated.

The record reflects that the Department was appointed by the trial court as J.B.B.'s temporary managing conservator on January 31, 2025. Therefore, the trial court's

7

jurisdiction potentially would have lapsed on February 2, 2026, pursuant to Section 263.401(a), if trial on the merits had not commenced or the trial court failed to grant an extension prior to that date. *See id.* § 263.401(a). In determining whether trial on the merits commenced under Section 263.401, courts have considered whether "(a) preliminary matters were addressed, (b) the parties announced 'ready,' (c) opening statements were made, (d) witnesses were sworn, (e) a party called a witness to testify, and (f) exhibits were admitted." *In re J.L.J.*, 645 S.W.3d 294, 296 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) (citation modified) (collecting cases); *see In re R.J.*, 579 S.W.3d 97, 109 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (considering whether parties announced "ready," witnesses were sworn, and trial court heard testimony). Courts have also considered whether trial was called on the date recited in the final order. *J.L.J.*, 645 S.W.3d at 295 (citing *In re N.F.*, No. 09-19-00435-CV, 2020 WL 2070286, at *15 (Tex. App.—Beaumont Apr. 30, 2020, pet. denied) (mem. op.)).

The record indicates that on January 21, 2026, the Department announced it was ready and told the trial court "you heard what happened so we plan on just starting and asking for a recess." When the trial court asked if any of the parties were in agreement with that, no other party objected, including Mother's counsel. The Department then called Robinson, who was sworn-in and provided testimony to the trial court. After Robinson's testimony, the Department expressly requested a recess and no other party objected, including Mother's counsel. Trial resumed on March 11, 2026. Furthermore, the trial court's amended order terminating Mother's parental rights expressly recited that it heard the case on January 21, 2026 and March 11, 2026.[5] Under these circumstances, we

---

[5] The amended order also expressly indicated that the trial court heard the case on December 10,

conclude trial on the merits commenced on January 21, 2026. *See In re J.L.J.*, 645 S.W.3d at 295–96; TEX. FAM. CODE § 263.401(a). Because trial commenced before February 2, 2026, we conclude the trial court did not lose jurisdiction pursuant to Section 263.401(a) before rendering its order of termination. *See id.* We overrule Mother's sole issue.

## III.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
9th day of July, 2026.

---

2025. However, the transcript for the December 10, 2025 proceeding indicates that none of the parties announced ready, and no witnesses were called, sworn-in, or provided testimony.